**No. 57125.**—Frederick F. Straus *v.* United States, protest 171435–K (Los Angeles).

Opinion by JOHNSON, J. From the testimony it appeared that the collector assessed the merchandise as dishes rather than as plates. However, after investigation, the Bureau of Customs changed its ruling and stated that articles such as those in question should have been classified as plates. In view of the record presented, the claim of the plaintiff was sustained.

**No. 57126.**—I. F. Roncallo et al. *v.* United States, protests 186104–K, etc. (New York).

Opinion by JOHNSON, J. At the trial it was stipulated that the facts and issues herein are similar to those involved in *United States* v. *Browne Vintners Co., Inc.* (34 C. C. P. A. 112, C. A. D. 351) and that the quantities reported by the inspector as manifested, not found, were not in fact received by the importers. In accordance with stipulation of counsel and following the decision cited it was held that duty is not assessable upon such portions of the merchandise as were reported by the inspector as manifested not found. The protests were sustained to this extent.

**No. 57127.**—Trans World International Service Co. *v.* United States, protest 184938–K (New York).

Opinion by JOHNSON, J. At the trial it was shown that in reporting the one piece of rayon fabric numbered 12014 short, the examiner reported in excess in the same case one piece of silk fabric numbered 12014 and assessed duty not only upon the silk fabric in excess but also upon the rayon fabric not found in the case. It appeared that a salesman connected with the importer had erroneously stated in an affidavit that such rayon fabric was received. From the testimony it appeared that the goods which were short were never received by the importer. In view of the record presented, it was held that all duties taken upon the one piece of rayon fabric numbered 12014 should be refunded. The protest was sustained to this extent.